## Ex parte H. H. MONTGOMERY, Superintendent of Banks.

### 6 Div. 277.

Supreme Court of Alabama.

May 25, 1933.

H. L. Anderton, of Birmingham, for appellant.

KNIGHT, Justice.

The appeal in this case is prosecuted by H. H. Montgomery, as superintendent of banks, liquidating the Bank of Ensley (Ramsay & McCormack, Inc.), from a decree of the circuit court disallowing in part a fee paid by the said superintendent to Hon. H. L. Anderton, his attorney, for certain services rendered the superintendent by Mr. Anderton, in and about the settlement of the affairs of the Bank of Ensley.

On the 17th day of March, 1932, the superintendent of banks filed in the circuit court of Jefferson county his petition, praying for the allowance and approval by the court of certain items of expense incurred by him in the liquidation and settlement of the affairs of the Bank of Ensley, which bank had been turned over to the superintendent by its board of directors for liquidation.

It appears from the record that the superintendent had employed Hon. H. L. Anderton, an attorney at the Jefferson county bar, to represent him in all legal matters pertaining to the settlement of the affairs of this bank. The contract of employment is set out in extenso in the bill, and had the approval of the court, as required by law.

The list of expenditures is set out in the petition, and, among the items expended, and for which the court's approval was sought, is a fee of $2,710, paid by the superintendent to said Anderton.

Upon the hearing of the petition, the court disallowed credit for the said fee paid to Anderton to the extent of $2,500, holding that the sum of $210 was a reasonable fee for the services rendered.

It appears from the decree rendered in said cause, that due notice was given of the day set for the hearing of the petition, and that no protest was filed against the charges and expenditures set out in the petition. It is also recited in the decree: "There was offered in open court oral testimony by several attorneys together with the contract between the liquidating agent and the attorney hereinabove referred to and approved by the Presiding Judge, Richard V. Evans, between the Superintendent of Banks and the attorney, H. L. Anderton, and other testimony to establish the reasonableness of said fee. The court is of the opinion that $210.00 is an ample consideration for the services rendered in the foreclosure of the mortgages referred to and so affirms the said sum of $210.00 as reasonable. The court further decrees that the $2,500.00 is an unreasonable charge and it is not allowed by this court against said estate."

We now have before us a complete transcript in the cause, which shows the evidence upon which the cause was heard, together with the note of testimony made at the hear-

698

ing, and showing the testimony offered by complainant.

The amended transcript also shows that notice of the appeal was given as required.

Upon the hearing it appears that the following were examined as witnesses and each testified to the reasonableness of the fee paid by the superintendent of banks to Anderton, the fee paid being $2,710 viz.: White Gibson, W. B. McCullough, H. L. Anderton, R. H. Scrivner, Jim Smith, G. C. Lockhart, Dupont Thompson, Emmett Perry, J. L. Drennen, Sydney Smyer, M. M. Baldwin, Horace C. Wilkinson, J. A. Simpson, Edgar Bowron, and Augustus Benners. The record discloses no testimony in conflict with evidence given by these witnesses.

To set out the evidence of these witnesses in extenso would serve no useful purpose.

We have carefully considered the evidence in the case, and we are at the conclusion the court erred in disallowing the superintendent of banks credit for the $2,710 paid to his attorney and in reducing the fee to the sum of $210.

The decree of the circuit court, in so far as it disallows the item of attorney's fee to the extent of $2,500, will be reversed, and one here rendered allowing and approving the fee of $2,710 paid by the superintendent of banks to his said attorney.

Reversed and rendered.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.